FILED'06 MAR 14 13:30USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JENNIFER LYNN HANSON,

                                        No. CV 05-1776-MO
                                        No. CR 04-67-02-MO  ✓

                    Plaintiff,

                                        OPINION AND ORDER

        v.

UNITED STATES OF AMERICA,

                    Defendant.

**MOSMAN, J.,**

        On November 22, 2005, Ms. Hanson, appearing *pro se*, filed a motion (#75) to vacate her

sentence pursuant to 28 U.S.C. § 2255.  The government filed a response (#82) on January 12,

2006.  Due to the passage of time, Ms. Hanson has waived her right to file a reply brief.  For

the reasons set forth below, I deny Ms. Hanson's motion to vacate her sentence.  Because the

record conclusively shows Ms. Hanson is not entitled to relief, her request for an evidentiary

hearing is also denied.  Finally, because there are not the "exceptional circumstances" warranting

appointment of counsel, I deny Ms. Hanson's request (#83) for appointment of counsel.

I.      BACKGROUND

        On August 11, 2004, Ms. Hanson pled guilty to Count 1 of a three-count Superseding

Indictment charging her with violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Distribution of

Heroin Resulting in Death.  The underlying conduct involved Ms. Hanson's sale of heroin to

David Hoover who died as a result of using said heroin.  As part of the plea agreement,

Ms. Hanson waived her right to appeal or collaterally attack her conviction or sentence under

28 U.S.C. § 2255, except for claims of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute. Because she had a prior felony drug offense, Ms. Hanson faced a statutorily-imposed minimum sentence of life imprisonment for a new drug crime under 21 U.S.C. § 841 "if death or serious bodily injury results from the use of such substance[.]" 21 U.S.C. § 841(b)(1)(C).

Under the plea agreement, Ms. Hanson agreed to: (1) plead guilty and waive her right to a jury trial; (2) waive her right to appeal; (3) stipulate to a base offense level of 38; and (4) not request any additional departures or adjustments. In exchange, the government agreed to: (1) recommend a three-level downward departure for substantial assistance; (2) recommend a three-level adjustment downward for acceptance of responsibility; (3) not file a notice of Ms. Hanson's prior conviction; (4) recommend the low-end of the sentencing range; (5) not seek any other departures or adjustments; and (6) stipulate to the base offense level of 38. Prior to the entry of the plea, counsel for the government in open court explained all of the terms of the plea agreement, including the express waiver of appeal and limitation on the right to file a § 2255 motion to vacate. Gov't Resp. Ex. 1, pp. 8-12.

During the sentencing hearing and by a letter submitted to the court prior to the sentencing hearing, defense counsel Ms. Russell provided the court with detailed information about Ms. Hanson's drug addiction, troubled childhood, current remorse, and her lack of intent to hurt Mr. Hoover.

On November 29, 2004, this court sentenced Ms. Hanson to a 151-month term of imprisonment. This sentence was based on a Base Offense Level of 38, prior to adjustments, and a Criminal History Category of III. The plea agreement recommended a Criminal History

PAGE 2 - OPINION AND ORDER

Category of IV, but defense counsel convinced the government prior to the sentencing hearing to join in a recommendation for a downward departure for over-representation of criminal history. Ms. Hanson did not file a notice of appeal. On November 22, 2005, Ms. Hanson filed this motion (#75) to vacate, set aside, or correct her sentence.

I.    REQUEST FOR APPOINTMENT OF COUNSEL

Generally, there is no right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, under 28 U.S.C. § 1915(e)(1), this court may request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In order to determine whether exceptional circumstances exist, this court evaluates plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Wood*, 900 F.2d 1335-36. The court must consider both of these factors prior to deciding the issue, and neither factor is dispositive. *Wilborn*, 789 F.2d at 1331.

This court has reviewed this case and the relevant factors in light of Ms. Hanson's request (#83) for counsel, and this court concludes that there are not the "exceptional circumstances" warranting appointment of counsel. Ms. Hanson demonstrates writing ability and legal knowledge in her pleadings sufficient to articulate her claim. The facts she alleges and the issues raised are not of substantial complexity. The evidence against Ms. Hanson, including her own words during the plea colloquy, make it extremely unlikely that she will succeed on the merits. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Accordingly, Ms. Hanson's request for appointment of counsel is denied.

PAGE 3 - OPINION AND ORDER

II.    DISCUSSION

Ms. Hanson asserts she is entitled to relief under 28 U.S.C. § 2255 because she received ineffective assistance of counsel and because she entered the plea involuntarily.

A.    Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a plaintiff must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In plea proceedings, the movant must show counsel's advice regarding the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, she would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The standard by which a court reviews counsel's performance is highly deferential, and there is a presumption that counsel rendered adequate assistance falling within the range of acceptable professional judgment. *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994). Ms. Hanson alleges she received ineffective assistance of counsel from Ms. Russell in six respects.

1.    Failure to Present Evidence of Victim's History of Heroin Addiction

Ms. Hanson's first assertion of ineffective assistance of counsel is based on her claim that Ms. Russell failed to present the court with evidence of Mr. Hoover's heroin addiction or his "predisposition to drug overdose." Pl.'s Mem. Supp. of Pet. at 3. This argument fails because the court did in fact have evidence of Mr. Hoover's history of heroin addiction, and this evidence was not particularly relevant to sentencing Ms. Hanson. Gov't Resp. Ex. 3, p. 6 (Ransom Letter p. 2). Additionally, even if Ms. Russell did not present the court with Mr. Hoover's history, this alleged

PAGE 4 - OPINION AND ORDER

shortcoming in counsel's performance would not render Ms. Russell's performance deficient, nor would it have resulted in prejudice to Ms. Hanson.

> 2.      Failure to Present Evidence Favorable to Ms. Hanson

Ms. Hanson also contends she received ineffective assistance of counsel based on Ms. Russell's failure to present evidence favorable to Ms. Hanson, such as her history of drug abuse, young age, education, socio-economic status, and need for treatment. Pl.'s Pet. at 5. This argument is belied by the substantial record evidence to the contrary. First, in her letter to the court dated November 23, 2004, Ms. Russell provided a detailed background regarding Ms. Hanson, informing me of the following: Ms. Hanson is the "product of a dysfunctional family," suffered the death of her father at age 11, dropped out of school at an early age, "entered the downward spiral of ever increasing drug dependencies," and is a long-time heroin addict who is now extremely motivated to participate in a structured treatment program. Gov't Resp. Ex. 3, pp. 2, 5. Second, in the sentencing hearing, Ms. Russell called the court's attention to Ms. Hanson's remorse, her heroin addiction, her willingness to seek treatment, and the fact that Ms. Hanson is not a violent person and did not intend to harm anyone. Gov't Resp. Ex. 4, pp. 5-5. In light of this record evidence, I find that Ms. Hanson failed to substantiate her allegations of Ms. Russell's failure to present favorable evidence. Without such a showing for this argument, it cannot be said that her counsel's performance fell below an objective standard of reasonableness or that Ms. Hanson was prejudiced from the defense.

> 3.      Failure to Object Regarding Intent Element of the Offense

Ms. Hanson contends that she received ineffective assistance of counsel based on Ms. Russell's failure to raise the defense that Mr. Hoover's death was unintentional and failure

PAGE 5 - OPINION AND ORDER

to object to the government's failure to establish her intent to kill Mr. Hoover. Pl.'s Mem. Supp. Pet. at 3. This argument is unavailing. Intent that the victim suffer death or serious bodily injury is not an element of the charged offense. *See* 21 U.S.C. § 841(a)(1). Rather, to obtain a conviction under 21 U.S.C. § 841(a)(1), the government would need to prove Ms. Hanson knowingly or intentionally distributed a substance which was a mixture or substance containing a detectable amount of heroin, a Schedule 1 substance, to another (Mr. Hoover). *See United States v. Houston*, 406 F.3d 1121, 1122 (9th Cir. 2005). In her plea agreement, Ms. Hanson stipulated to the fact that she distributed less than 5 grams of heroin. Gov't Resp. Ex. 2, ¶ 6. During the plea colloquy, the court asked Ms. Hanson to describe, in her own words, what she did that made her guilty of this offense, to which she replied "I sold heroin to David Hoover." Gov't Resp. Ex. 1, p. 24. When asked whether she "knowingly did that" and whether she knew it was heroin, Ms. Hanson responded "Yes" to both questions. *Id.*

Furthermore, in Ms. Russell's sworn affidavit filed in support of the government's response to this motion, she states: "I advocated on Ms. Hanson's behalf . . . that Ms. Hanson did not intend Mr. Hoover's death, that this death was an accidental overdose which Ms. Hanson neither intended nor foresaw." Gov't Resp. Ex. 3, ¶ 3. Thus, the record indicates that Ms. Russell did advocate to the court regarding the accidental nature of Mr. Hoover's death. Gov't Resp. Ex. 4, p. 6. Ms. Russell's assistance is not rendered ineffective by advising her client to enter a guilty plea based in part on a stipulation of intent to distribute heroin. Ms. Hanson has also failed to show that prejudice resulted from Ms. Russell's failure to object to the court finding intent to distribute heroin, after Ms. Hanson admitted to having such intent.

PAGE 6 - OPINION AND ORDER

In exchange for this, and other stipulations, Ms. Hanson received a much more lenient sentence than the life imprisonment contemplated by Congress for this conduct.

4.     Failure to Lodge *Apprendi* Objection

Ms. Hanson's November 2004 sentencing took place after *Blakely v. Washington*, 542 U.S. 961 (2004), but before *United States v. Booker*, 543 U.S. 220 (2005).[1] Ms. Hanson is correct in pointing out that the Supreme Court's decision in *Booker* reaffirmed, with respect to the United States Sentencing Guidelines ("U.S.S.G."), the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Booker*, "[a]ny fact, (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244.

Ms. Hanson argues that Ms. Russell provided ineffective assistance of counsel because she failed to object to the court's sentencing enhancement based on "intentional death" because intent was not proven to a jury beyond a reasonable doubt. Pl.'s Pet. at 5. Citing *Booker*, Ms. Hanson argues that at sentencing, a judge is prohibited from "finding facts that expose a defendant to more prison time than can be supported by facts found by the jury or admitted by the defendant." Pl.'s Mem. Supp. Pet. at 2. The penalty provision of Ms. Hanson's charged offense requires the government to prove only that "death or serious bodily injury *result[ed] from* the use of such substance." 21 U.S.C. § 841(b)(1)(C) (emphasis added). Ms. Hanson's argument fails

_____

[1]Liberally construed, Ms. Hanson's argument asserts that at the time of her sentencing, counsel should have made an *Apprendi/Blakely* objection to the court's "finding" that death resulted, and then after sentencing, counsel could have appealed her guidelines sentence. If counsel had done so, Ms. Hanson's sentence would have been on direct appeal when the Supreme Court issued *Booker*.

precisely because she *admitted*, in both the plea agreement and in her plea colloquy, the very fact exposing her to more prison time, that is the fact that Mr. Hoover died as a result of the heroin sold by Ms. Hanson.

In the plea agreement, Ms. Hanson agreed that "her admissions and stipulations with respect to sentencing enhancements constitute proof beyond a reasonable doubt," and then she stipulated that her relevant conduct included distribution of less than 5 grams of heroin and that the use of said heroin resulted in the death of another person. Gov't Resp. Ex. 2, ¶¶ 5-6. At the plea colloquy, the court asked whether she agreed the government could prove that the sale of heroin resulted in Mr. Hoover's death, and Ms. Hanson answered "Yes." Gov't Resp. Ex. 1, p. 24. Therefore, because the law, both before and after *Booker*, allows a court to "find" any fact admitted by a defendant, there was nothing deficient about counsel refraining from lodging an *Apprendi* objection to the court accepting, as a fact exposing Ms. Hanson to more prison time, that Mr. Hoover's death resulted from the heroin sold by Ms. Hanson.

> 5.  Failure to Present a Defense Consistent with the Factors in 18 U.S.C.
> § 3553 in Support of a Lesser Sentence

Ms. Hanson also claims that she was deprived of her right to effective assistance of counsel because Ms. Russell failed to argue for a downward departure or a sentence lower than the guideline range. Practically speaking, the plea agreement prohibited Ms. Hanson from requesting any downward adjustments or departures from the applicable guideline range. Gov't Resp. Ex. 2, ¶ 10. Such a request likely would have resulted in erasing all of the benefits inuring to Ms. Hanson by virtue of the plea agreement. Ms. Hanson fails to show either deficiency of performance or prejudice. It is not ineffective for counsel to negotiate such a plea, especially

PAGE 8 - OPINION AND ORDER

where the end result of that negotiation is that a 26-year-old defendant faces a 14-year sentence rather than life in prison. As explained above, Ms. Hanson knowingly and voluntarily signed the plea agreement, and its terms are enforceable.

> 6. Failure to File Motion for a Severance

Finally, Ms. Hanson argues that she received ineffective assistance of counsel because Ms. Russell failed to file a motion for a severance from Ms. Hanson's co-defendant, Mr. Welty. Pl.'s Pet. at 6. This failure, according to Ms. Hanson, resulted in a "synergistically adverse affect" to Ms. Hanson. *Id.* I disagree. Defendant Welty conspired with Ms. Hanson to distribute the heroin, but he did not actually deliver it to Mr. Hoover. Ms. Russell's decision to refrain from filing a motion for a severance represents a reasonable tactical choice that was not substandard and, in fact, did not result in prejudice to Ms. Hanson who received a sentence identical to Mr. Welty's of 151 months. Therefore, this reasonable decision does not render Ms. Russell's assistance ineffective.

> B. Conviction Obtained by Involuntary Plea

Ms. Hanson urges the court to vacate her sentence on the grounds that (1) she was coerced into accepting the plea agreement; and (2) she did not understand the consequence of the appeal waiver provision due to her emotional state. Regarding the coercion, Ms. Hanson alleges that she was "subject to signing an involuntary plea agreement in open court, when she was coerced into doing so by counsel who intimidated defendant into believing if she did not sign[,] she would get life in prison." Pl.'s Pet. at 5. Ms. Hanson also asserts she was "terrified and frightened into giving up her right to a trial by jury." *Id.* Ms. Hanson's argument is undercut by the transcripts from the plea colloquy and an affidavit submitted by her defense counsel.

PAGE 9 - OPINION AND ORDER

During the plea colloquy, Ms. Hanson answered "No" to the court's question, "Has any person ever threatened, coerced or intimidated you to try to get you to accept the plea agreement or to sign the plea petition?" Gov't Resp. Ex. 1, p. 13. Pursuant to court order regarding this § 2255 petition, Ms. Russell submitted an affidavit in which she describes the interactive dialogue she shared with Ms. Hanson prior to the entry of the plea. Gov't Resp. Ex. 3, ¶ 2. Ms. Russell recounts:

> I reviewed the plea petition and plea agreement with Ms. Hanson by reading each document in its entirety to Ms. Hanson, including the waiver of her right to appeal . . . . We discussed the terms of this plea agreement on numerous occasions, including the pros and cons of the agreement, defenses and possible trial strategies, and likely sentences Ms. Hanson would face if convicted after trial.

Gov't Resp. Ex. 3, ¶ 2. Finally, the court inquired as to whether Ms. Hanson "had all the questions that she had about the charges against her answered?" to which she replied "Yes." Therefore, I conclude that Ms. Hanson was not coerced into entering this plea.

As to Ms. Hanson's comprehension of waiving a right to appeal, an express waiver of the right to appeal is valid if made voluntarily and knowingly. *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995). In the plea agreement, Ms. Hanson agreed to waive direct appeal of her conviction and sentence. Gov't Resp. Ex. 2, ¶ 11. Additionally, during the plea colloquy, Ms. Hanson indicated that she was thinking clearly, had read the plea petition, and understood the nature of the proceedings. Gov't Resp. Ex. 1, pp. 5-6. The court asked Ms. Hanson if she understood her right to appeal and asked if she wished to "give up" that right to appeal. *Id.* at 17. Ms. Hanson responded affirmatively to both questions, and based on that exchange, I found Ms. Hanson competent to enter a knowing and voluntary plea and to waive appeal. Thus, I reject

PAGE 10 - OPINION AND ORDER

the conclusory assertions to the contrary raised in Ms. Hanson's current motion. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (declarations by plaintiff in open court "carry a strong presumption of verity").

IV.    EVIDENTIARY HEARING

Ms. Hanson's petition (#75) to vacate her sentence includes a request for a hearing. Pl.'s Pet. at 4. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "'are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)). If credibility can be decided based on documentary testimony and evidence in the record, no evidentiary hearing is required. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotations and citation omitted).

Ms. Hanson's petition, the files, and the record in this case conclusively show that Ms. Hanson is not entitled to the relief requested under § 2255. Record evidence directly contradicts her claims of coercion, ineffective assistance of counsel, and her allegation that she lacked the ability to understand the consequences of her plea agreement. Therefore, an evidentiary hearing is not required.

V.    CONCLUSION

For the foregoing reasons, Ms. Hanson's petition (#75) to vacate or set aside her sentence under 28 U.S.C. § 2255 is DENIED, and her request for a hearing is DENIED. Ms. Hanson's request (#83) for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED this ___14th___ day of March, 2006.

MICHAEL W. MOSMAN
United States District Court